IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAUL G. PERALTA,

  Plaintiff,

vs.                No. 01cv0418 MCA/JHG

JOANNE B. BARNHART,[1]
COMMISSIONER OF SOCIAL SECURITY,

  Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

  This matter is before the Court on Plaintiff's (Peralta's) Motion to Reverse or Remand Administrative Decision, filed April 18, 2002. The Commissioner of Social Security issued a final decision denying Peralta's application for disability insurance benefits. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion to remand is not well taken and recommends that it be DENIED.

  Peralta, now fifty-two years old, filed his application for disability insurance benefits on October 3, 1997, alleging disability since February 16, 1997, due to left wrist fusion and right hand tenderness. He has an eleventh grade education from Mexico and past relevant work as production manager and machine operator. The Commissioner denied Peralta's application for disability insurance benefits both initially and on reconsideration. On April 20, 1999, the

---

[1] On November 9, 2001, Jo Anne B. Barnhart was sworn in as Commissioner of the Social Security Administration. Thus, she is substituted as Defendant in this action.

Commissioner's Administrative Law Judge (ALJ) denied benefits, finding Peralta had "a severe impairment consisting of status post fusion of left wrist and tenderness in the right hand" but did not have any disorder or combination of disorders meeting or equaling in severity any of the disorders described in the Listing of Impairments, Subpart P, Appendix 1.  Tr. 19.  The ALJ also found Peralta had symptom-producing medical problems but found his testimony and other evidence did not credibly establish symptoms or functional limitations to the extent alleged.  *Id.* The ALJ further found Peralta retained the residual functional capacity (RFC) to perform at least a limited range of light unskilled work with some restrictions in lifting, handling, pushing, pulling, crawling and climbing. Tr. 24. Peralta filed a Request for Review of the decision by the Appeals Council.  On February 8, 2001, the Appeals Council denied Peralta's request for review of the ALJ's decision.  Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes.  Peralta seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Moreover, "all of the ALJ's required findings must be supported by substantial evidence," *Haddock v. Apfel,* 196 F.3d 1084, 1088 (10th Cir. 1999), and all of the relevant medical evidence

of record must be considered in making those findings, *see Barker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989). "[I]n addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). Therefore, while the Court does not reweigh the evidence or try the issues de novo, *see Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 741 (10th Cir. 1993), the Court must meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings, in order to determine if the substantiality test has been met. *See Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20

C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand, Peralta contends the ALJ's finding that he could perform the exertional and skill levels listed in the DOT as Gate Guard is not supported by substantial evidence. In support of this contention, Peralta makes the following arguments: (1) the ALJ erred in his RFC finding that Peralta could engage in light work; (2) the ALJ did not consider that he suffered from the amputation of his fingertips at digits 2 and 3 of his right hand; and (3) the ALJ gave too much weight to "the one report that stated he could exert up to 20 pounds occasionally."

In her decision, the ALJ found Peralta retained "the overall capability to perform at least a limited range of light unskilled work with some restrictions in lifting, handling, pushing, pulling, crawling and climbing." Tr. 24. On August 25, 1998, Dr. Karyn Rae Doddy, a Rehabilitation Medicine Specialist, found Peralta could occasionally lift and/or carry a maximum of fifteen pounds bimanually and frequently lift and /or carry ten pounds bimanually. Peralta argues Dr. Dotty's assessment limits him to sedentary exertion. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with pushing and pulling of arm or leg controls. *Id.* To be considered capable of performing a full or wide range of light work a claimant must have the ability to do substantially all of these activities. *Id.*

4

The ALJ did not find Peralta could perform "a full or wide range of light work." The ALJ found Peralta could perform a "limited range" of light unskilled work with some restrictions in lifting, handling, pushing, pulling, crawling and climbing. The ALJ included all the limitations found by Dr. Doddy's evaluation in her hypothetical to the vocational expert (VE). Tr. 191. The VE testified that given the limitations set out in the hypothetical there were still jobs that existed in significant numbers that Peralta could perform. The VE testified that if the use of the upper extremities was eliminated completely, that is, "for fine finger dexterity, manipulation, even gross for that matter," there were still jobs that Peralta could perform "without essentially using either one of the upper extremities." *Id.* The VE attempted to explain to Peralta's counsel that some jobs could be classified in both the light or sedentary categories. Tr. 206. The job of Gate Guard was such a job. Peralta could perform the job of Gate Keeper regardless of whether he could lift only ten pounds or fifteen, so it did not matter that it was classified as light versus sedentary. Tr. 206. Accordingly, based on the record as a whole, the Court finds that substantial evidence supports the ALJ's RFC finding.

Next, Peralta contends the ALJ did not consider that he suffered from the amputation of his fingertips at digits 2 and 3 of his right hand thus ignoring the limitations placed upon him by Dr. Dotty's consultative examination. In her hypothetical, the ALJ set out Peralta's limitations as follows:

> This individual is limited to occasionally carrying 15 pounds a day, frequently ten pounds a day bimanually, there are no limitations on standing and walking, no limitations on sitting, however, this individual is affected by (inaudible) function in the left hand and arm, and therefore has lost the ability to use his lift arm pretty much for most of these functions; reaching, handling, feeling, pushing, and pulling. However, the right hand, right arm is still intact in regards to all of that – those

5

functions. This individual could only climb, crouch or crawl occasionally, and could balance, stoop and kneel frequently.

Tr. 191. In addition, in her decision, the ALJ noted "On the right hand he had an amputation of the 2nd digit proximal to the distal interphalangeal joint. At the 3rd right digit, he had amputation just distal to the interphalangeal joint." Tr. 22. However, Peralta takes issue with the ALJ claiming his right hand was intact. Peralta claims he suffers from the same limitations in his left hand as he does in his right hand. According to Peralta, Dr. Dotty's Medical Assessment of Ability to do Work-Related Activities (Physical) indicates he has these limitations in both hands. It is not clear from Dr. Dotty's assessment whether she intended to include Peralta's left hand when she checked off the limitations of reaching, handling, feeling, pushing/pulling in her report. Tr. 157. Nonetheless, the VE testified the Gate Guard position did not require the use of his extremities and thus including these limitations of the left hand would not have affected the VE's testimony or opinion.

Finally, Peralta contends he cannot work as a Gate Guard because the job requires a level two language development. See Pl.'s Ex. A. Peralta claims his former job only required a level 1 GED in language. See Pl.'s Ex. B. In addition, Peralta claims all language levels assume an education in the United States and he was educated in Mexico. However, Peralta reported his former job as a Production Manager required him to complete production reports and supervise ten to twelve employees. Tr. 81. The VE also testified the job of Gate Guard would only require minimal writing and "no more than the past job that [Peralta] did." Tr. 204. Therefore, substantial evidence supports the ALJ's finding that Peralta could perform the job of Gate Guard and was therefore not disabled.

## RECOMMENDED DISPOSITION

The ALJ applied correct legal standards and his decision is supported by substantial evidence. Peralta's Motion to Reverse or Remand Administrative decision, filed April 18, 2002, should be denied.

_____
JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.